IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Yohanan Hezikiah Corder, ) | Case No. 2:15-cv-4873-RMG-MGB |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court for initial review. Yohanan Hezikiah Corder ("Petitioner") has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. He is a detainee at the Charleston County Detention Center. He is proceeding *pro se* and *in forma pauperis*. This matter was referred to the Magistrate Judge for review. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2), the undersigned Magistrate Judge is authorized to review petitions and to submit findings and recommendations to the District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the petition be **summarily dismissed** without prejudice for the following reasons:

I.  Relevant Law

A. Liberal Construction of *Pro se* Pleadings

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore.*, 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal

construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

B. Screening Pursuant to 28 U.S.C. § 1915

The petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. Petitioner is proceeding *in forma pauperis*, and thus, his petition is subject to screening under 28 U.S.C.A. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Under this statute, a petition based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

II. Factual Allegations

Petitioner indicates he is a detainee at the Charleston County Detention Center. (DE# 1, ¶¶ 1-2). He indicates he is awaiting trial on state criminal charges, specifically, four counts of entering a financial institution with intent to steal and one count of possession of heroin. See Court of General Sessions for Charleston County, Case Nos. 15-02235, 15-04539, 15-05624, and 15-05829. He states that he is represented by legal counsel (Public Defender Jason King) in the state case.

For his first ground for habeas relief, the *pro se* Plaintiff indicates that "I have never been identified out of a photo or any other type of line up by any person or witness." (DE# 1 at 8, ¶ 15(a)). For his second ground for habeas relief, he indicates that "[t]here is no physical evidence linking me to any of these crimes." (*Id*. at ¶ 15(b)). For his third ground for habeas relief, he indicates that "[t]he vehicle belived (sic) to have been used in the TD Bank robbery has never been Identified as belonging to Ashley Itallman." (*Id*. at ¶ 15(c), as in original).

For relief, he asks that the Court "review my case, to assert if in fact there is suficient (sic) probible (sic) cause for my continued detainment. I did not commit." (*Id*. ¶ 16).

III.   Discussion

Even liberally construing the petition, the petition fails to state a claim for relief. Other than a generalized and conclusory statement that he did not commit the alleged crimes, Petitioner does not give any reason to suggest that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner does not allege facts indicating he is "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1).

Although Plaintiff has labelled his document as a petition pursuant to 28 U.S.C. § 2241, his allegations do not concern any issues usually cognizable under § 2241. Issues typically reviewed under § 2241 include challenges to the execution of a federal sentence, matters of parole and prison discipline, and challenges to extradition. *See, e.g., Nezirovic v. Holt*, 779 F.3d 233 (4th Cir. 2015) (a person subject to a certification of extraditability may file a petition pursuant to 28 U.S.C. § 2241); *Zhenli Ye Gon v. Holt*, 774 F.3d 207, 210-211 (4th Cir. 2014) (a fugitive's only avenue to challenge an extradition decision is to file a § 2241 petition), *cert. denied*, 135 U.S. 2859 (2015); *Wallace v. Fed. Bureau of Prisons*, 604 F.App'x 329, 2015 WL 3732298 (4th Cir. June 16, 2015) (challenging parole decision by means of § 2241 petition); *Johnson v. Warden, FCI*

*Williamsburg*, Case No. 1:13–3347–JFA–SVH, 2014 WL 4825926 (D.S.C. Sept. 24, 2014) (federal prisoner challenged disciplinary hearing decision and complained of loss of statutory good time credits), *affirmed by* 597 F.App'x 161, 4th Cir. Mar. 12, 2015), *cert. denied*, 136 S.Ct. 556 (2015). None of these issues are present here.

Petitioner does not challenge the computation or execution of any federal sentence. Moreover, a § 2241 petition is generally brought as a *post-conviction* challenge to the execution or computation of a federal sentence, parole decision, calculation of good time credits, or prison disciplinary action. *Boyd v. South Carolina*, Case No. 1:11–2981–TMC, 2012 WL 786356, *1 (D.S.C. Mar.9, 2012) (citing *Clemmons v. South Carolina*, Case No. 0:08–cv–607–RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008)). Where a prisoner is incarcerated on a state conviction, a petition pursuant to 28 U.S.C. § 2254 is typically brought as a post-conviction challenge to the validity of the state conviction or sentence. *Id*.

Here, according to the petition, Petitioner is awaiting trial on criminal charges in state court. To the extent he seeks release from state custody prior to his state criminal trial, his allegations regarding a lack of evidence pertain to his counselled defense in state court and provide no basis for release from state detention. The United States Supreme Court has recognized the "fundamental policy against federal interference with state criminal prosecutions" and held that principles of comity and federalism prevent federal courts from issuing injunctions or declaratory judgments while state court proceedings are ongoing. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that petitioner was not entitled to "relief against prosecution in state court where the injury which he faced was solely that incidental to every criminal proceeding brought lawfully and in good faith"); *see also, Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir.1977) ("[p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief"). The Supreme

Court has observed that *Younger* and "its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Petitioner has not alleged any "extraordinary circumstances" for purposes of *Younger*.

The Fourth Circuit Court of Appeals has observed that "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before we conduct habeas review of the detention"). *Timms v. Johns*, 627 F.3d 525, 531 n. 5 (4th Cir.2010), *cert. denied*, 131 U.S. 2938 (2011). The Court of Appeals explained that:

> [I]t has long been established that the district court's discretion to entertain habeas petitions and exercise the power of the writ is not boundless. "[P]rudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." *Munaf v. Geren*, 553 U.S. 674, 693 … (2008) … see also *Boumediene v. Bush*, 553 U.S. 723 … (2008) (noting that there may be "prudential barriers to habeas corpus review" even where "there is no jurisdictional bar"); *Francis v. Henderson*, 425 U.S. 536, 539 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power.").

*Id.* at 530. The Fourth Circuit Court of Appeals observed that habeas corpus is "the avenue of last resort" and that "habeas corpus traditionally has been accepted as the proper vehicle to challenge the constitutionality of an order of imprisonment from which there is no route of appeal." "Petitioner's federal remedy of a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the state of South Carolina." *Moultrie v. Reynolds*, Case No. No. 9:15–cv–0198-DCN-BM, 2015 WL 5474471 (D.S.C. Sept. 16, 2015) (citing *Picard v. Connor*, 404 U.S. 270 (1971)).

If Petitioner is convicted of the criminal charges in the state trial court, the usual route of direct appeal in the state appellate courts will be available to him. *Id.* at 531 (quoting *Stack v.*

*Boyle*, 72 S.Ct. 1 (1951) (holding that federal district courts "should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.")). In other words, if Petitioner is convicted of criminal charges in state court, the proper procedure is for him to pursue the normal avenues of appellate review in state court.

To the extent Petitioner asks this Court to "review my case, to assert if in fact there is suficient (sic) probible (sic) cause for my continued detainment," (DE# 1, ¶ 16), it is not this Court's function to review state court decisions. Moreover, a state records check reflects that Petitioner was indicted on criminal charges in state court.[1] "The indictment itself constitutes a finding of probable cause." *State v. McClure*, 277 S.C. 432, 289 S.E.2d 158, 160 (1982); *Law v. S.C. Dept. of Corrections*, 368 S.C. 424, 629 S.E.2d 642, 649 (2006).

Even with the liberal construction afforded to *pro se* filings, this petition states no cognizable claim for relief and should be summarily dismissed. *See Montero v. Bush*, 88 F.App'x 644 (4th Cir. 2004) (affirming dismissal of § 2241 petition under 28 U.S.C. § 1915(e)(2)(B)). A district court may summarily dismiss a § 2241 petition if it is plainly apparent from the record that the movant is not entitled to any relief. *See, e.g., U.S. v. Edwards*, 27 F.3d 564, 1994 WL 285462 (4th Cir. 1994); *Perkins v. Beeler*, 201 F.App'x 175 (4th Cir. 2000).

IV. Recommendation

Accordingly, the Magistrate Judge recommends that the petition (DE# 1) be **summarily dismissed** without prejudice.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

March 3, 2016
Charleston, South Carolina

Petitioner's attention is directed to the ***Important Notice*** on the following page:

---

[1] See Charleston County Clerk of Court website http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch for Public Index database, last visited on March 2, 2016.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).