IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Yohanan Hezikiah Corder, ) | Civil Action No. 2:15-4873-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Charleston County Correctional ) | |
| Center, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal without service of the petition for habeas relief pursuant to 28 U.S.C. § 2241. For the below reasons, the Court adopts the Report and Recommendation as the Order of the Court and dismisses the petition.

I.  **Background**

Petitioner is currently held at the Charleston County Detention Center. (Dkt. No. 1.) He is charged with four counts of entering a financial institution with intent to steal and one count of possession of heroin. (*Id.*) He is represented by counsel in the state case but proceeds *pro se* here. (*Id.*) Petitioner alleges that the evidence against him is insufficient to establish probable cause for his continued pretrial confinement. (*Id.*) He asks the Court to "review my case, to assert[ain] if in fact there is suf[f]icient prob[a]ble cause for my continued detainment." (*Id.*) Petitioner filed the present petition on December 7, 2015, (*id.*) and, after initial review, the Magistrate Judge recommended summary dismissal on March 3, 2016 (Dkt. No. 9). No objections to the Report and Recommendation were filed.

## II. <u>Legal Standard</u>

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the petitioner fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III. <u>Analysis</u>

The Magistrate Judge found that the petition fails to state a claim for relief and the Court agrees. His allegations regarding a lack of evidence pertain to his counselled defense in state court and provide no basis for federal habeas relief from state detention. The United States Supreme Court has recognized the "fundamental policy against federal interference with state criminal prosecutions" and held that principles of comity and federalism prevent federal courts from issuing injunctions or declaratory judgments while state court proceedings are ongoing. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that petitioner was not entitled to "relief against prosecution in state court where the injury which he faced was solely that incidental to every criminal proceeding brought lawfully and in good faith"). *Younger* and "its progeny espouse a

-3-

strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Petitioner has not alleged any "extraordinary circumstances" for purposes of *Younger*. Likewise, the United States Court of Appeals for the Fourth Circuit has observed that "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before we conduct habeas review of the detention." *Timms v. Johns*, 627 F.3d 525, 531 n.5 (4th Cir. 2010). Habeas corpus is "the avenue of last resort," *id.* at 530, not an avenue for interlocutory appeals from state pretrial proceedings. "Petitioner's federal remedy of a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the state of South Carolina." *Moultrie v. Reynolds*, Civil No. 9:15-cv-0198-DCN-BM, 2015 WL 5474471 (D.S.C. Sept. 16, 2015).

Moreover, even if it were this Court's function to review state court pretrial decisions, the petition would still fail to state a claim for relief. As noted in the Report and Recommendation, a state records check reflects that Petitioner was indicted on criminal charges in state court. *See* Charleston County Clerk of Court, http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch, last visited March 22, 2016. "The indictment itself constitutes a finding of probable cause." *Law v. S.C. Dep't of Corrs.*, 629 S.E.2d 642, 649 (2006). Even with the liberal construction afforded to *pro se* filings, this petition states no cognizable claim for relief and is therefore subject to summary dismissal. *See, e.g., Perkins v. Beeler*, 201 F. App'x 175 (4th Cir. 2000); *United States v. Edwards*, 27 F.3d 564, 1994 WL 285462 (4th Cir. 1994).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 9) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** the petition (Dkt. No. 1).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 23, 2016
Charleston, South Carolina